MISSOURI PACIFIC RAILROAD COMPANY, THOMPSON, TRUSTEE, *v.* TAYLOR.

4-5810                                      137 S. W. 2d 747

Opinion delivered March 4, 1940.

*T. B. Pryor* and *Daggett & Daggett,* for appellant.
*Walter N. Killough,* for appellee.

McHANEY, J. Appellee recovered a judgment against appellants in the sum of $700 to compensate him for damages he sustained, when his truck was struck by a train

at the Smithdale crossing, about two miles east of Parkin, and destroyed, and in which he was struck and injured by the truck, in an effort to get out of the way. The negligence charged and relied on was in failing to exercise ordinary care to keep the crossing in reasonable repair, failing to give the statutory signals for the crossing, and failing to keep a proper or efficient lookout by the operatives of the train to discover persons or property on the track.

It is insisted by appellants for a reversal of the judgment and dismissal of the action, that the undisputed evidence and the physical facts disclose that at a distance of 63 feet north of the crossing, looking west, appellee could have seen down the track to Parkin some two miles away, and could have seen the train anywhere on the track between the crossing and Parkin. It is said that his failure to thus see the train was negligence and that such negligence on his part equaled or exceeded any negligence of appellants, and that a directed verdict should have been given in their favor.

We cannot agree with appellants in this contention. They place great reliance on our recent cases of *Mo. Pac. Rd. Co.* v. *Davis,* 197 Ark. 830, 125 S. W. 2d 785, and *Mo. Pac. Rd. Co.* v. *Price,* 199 Ark. 346, 133 S. W. 2d 645, but we are of the opinion these cases are not controlling here. At this crossing, the railroad tracks run east and west. The train was traveling east, being a double header freight with 62 cars, 32 of which were loaded, at from 40 to 50 miles per hour. Appellee undertook to pass over the crossing from the north to the south, says he stopped, looked and listened for an approaching train and hearing or seeing none, proceeded to the crossing, where, on account of its very rough condition, his motor stalled, at which time he looked to the west and saw the train coming a short distance away. He then got out of the truck, attempted to push it off the track, but couldn't, and was struck on the leg by some part of the truck when the train struck it. For the purpose of this opinion we assume that appellee was negligent in failing to see the oncoming train before driving on the track, but we cannot say, as a matter of law, that his negligence equaled or

exceeded that of appellants. We think a question of negligence was made for the jury in the manner of maintaining the crossing. A number of witnesses testified to its very rough condition, and the photographs introduced by appellants rather confirm that testimony. The jury had a right to find that, even though appellee was negligent, he had ample time to have crossed over in safety, had not the rough and unsafe condition of the crossing caused the motor to stall when the front wheels of the truck bounced over the north rail. He said that, "when he drove upon the crossing, the motor choked down and the truck stopped; that he hit an awful jolt when he went over the first or north rail and down on the inside, it was awful dug out and it dropped down and bounced and just died. The rails were extending three inches or more above the crossing." Appellants' abstract. So, there was substantial evidence to support the jury's finding that appellants were negligent in maintaining the crossing, and that, but for such negligence, appellee would have crossed over in safety ahead of the train.

Also, the evidence is in sharp dispute as to the giving of the crossing signals, and as to the failure to keep an efficient lookout by the engineer. There is a sharp curve in the tracks to the north, west of the crossing, which prevented the fireman from seeing the crossing until within about 500 feet of it. The engineer said he was keeping a lookout, but that his view of the crossing was obstructed by the telephone poles and cross-arms coming into his view because of the curve, and that he could not see the truck on the track until he was too close to stop the train. There was substantial evidence that no attempt was made to stop the train, no application of the brakes, until about the time of the collision, and no signals given until about the same time, and other evidence on the part of appellee tended to show that the engineer could have seen the truck on the crossing at a distance of approximately 1,700 or 1,800 feet away, and could have stopped the train much within that distance.

Our statute on lookout, § 11144, Pope's Digest, imposes liability on railroads not only in cases of discovered peril; but in those instances also where, by the exercise of

reasonable care, the peril might have been discovered, and this, too, regardless of the contributory negligence of the injured person. *Railway Co.* v. *Horn*, 168 Ark. 191, 269 S. W. 576; *Gregory* v. *Mo. Pac. Rd. Co.*, 168 Ark. 469, 270 S. W. 621.

We, therefore, conclude that the trial court did not err in refusing to direct a verdict for appellants. Affirmed.